Michael A. Hershman and Linda J. Hershman
3063 Los Robles Road
Thousand Oaks, CA  91362
Tel (805) 377-7903

Pro Se Defendants

**FILED**

OCT 20 2020

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re: Michael A. Hershman | Chapter 7<br>Case No. 9:20-bk-10254-MB |
| Debtor | |
| In re: Linda J. Hershman | Adversary Case No: 9:20-ap-01033 |
| Joint Debtor | **DEFENDANT MICHAEL A. HERSHMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| Castle Real Estate Investments, LLC | |
| PLAINTIFF | |
| vs. | |
| Michael A. Hershman<br>Linda J. Hershman | |
| DEFENDANTS | |

Defendant Michael A. Hershman ("Responding Party") hereby responds to the First Set of Interrogatories, propounded by Plaintiff Castle Real Estate Investments, LLC ("Propounding Party" or "Plaintiff"), as follows:

1

## PRELIMINARY STATEMENT

Each of the referenced responses is made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility and any and all other objections or grounds that will require the exclusion of any document herein at the time of trial, all of which objections and grounds are reserved and may be interposed at the time of trial. Responding Party reserves the right to make changes to these responses if it appears that omissions or errors have been made herein, further or more accurate information becomes available and/or additional documents are discovered. No incidental or implied omission is intended herein. The fact that Responding Party has responded to a request should not be taken as any admission that Responding Party accepts or admits the existence of any facts set forth or assumed by such request or that such response constitutes admissible evidence. The fact that Responding Party has responded to all or any part of a request is not intended and shall not be construed to be a waiver by Responding Party or all or any part of the objection to such interrogatory.

## GENERAL OBJECTIONS

1.  Responding Party objects to all requests that attempt to require Responding Party to provide information not within Responding Party's possession, custody or control, or any of Responding Party's representatives, employees, agents or attorneys.

2.  The absence of an objection that a request is irrelevant is not intended to be a waiver of that objection and Responding Party reserves the right to object on relevancy grounds at any stage of these proceedings.

3.  When Responding Party objects to a request, a subsequent response shall not constitute a waiver of the objection. Furthermore, the failure to restate a general objection in response to a specific request does not waive the general objection.

MICHAEL A. HERSHMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

4.    Responding Party objects to each and every request to the extent same seeks information protected by the right to privacy, the attorney-client privilege, the attorney-work product doctrine and/or any other applicable privilege or doctrine. The foregoing objections are incorporated into all responses set forth below.

**RESPONSE TO INTERROGATORIES:**

INTERROGATORY NO. 1:

All documents relating to Besorat Investments are in the possession of Trustee Nancy Zamora. All were delivered to her counsel's office at her direction. No copies of the documents were retained by the defendant.

RESPONSE TO INTERROGATORY NO. 2:

The original management agreement contained no language or contemplated a personal guarantee. Responding Party was approached by Halliwell to terminate the management agreement and due to the fact that Besorat was entitled to 50% of the profits, responding party did not wish to terminate the agreement. As a compromise the personal guarantee was decided as the best vehicle to allow Besorat to continue to sell off the properties for everyone's benefit.  Responding Party reserves the right to supplement this response when and if additional information is obtained.

RESPONSE TO INTERROGATORY NO. 3:

All documents relating to the personal guarantee and the management agreement are in the possession of Nancy Zamora Trustee. All were delivered to her counsel's office at her direction. No copies of the documents were retained by the defendant

RESPONSE TO INTERROGATORY NO. 4:

Halliwell from the very beginning of the introduction made it clear that she

MICHAEL A. HERSHMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

wanted to learn the business and be involved in each and every decision. She was in the office at least weekly and on every jobsite often. She approved every budget and changes. She was fully aware of every material decision made on each property. Responding Party reserves the right to supplement this response when and if additional information is obtained.

RESPONSE TO INTERROGATORY NO. 5:

Besorat investments had a number of properties that were on the market and ready to be sold. The sale of any one of these properties would restore liquidity to the company. Responding Party reserves the right to supplement this response when and if additional information is obtained

RESPONSE TO INTERROGATORY NO. 6:

At the time of the personal guarantee Halliwell and responding party went through various liquidation scenarios and the outcome of the worst of these was a deficit of less than $100,000. With the equity of responding party's personal rental portfolio at the time exceeding $1,500,000, responding party did not feel that there was anything that could happen that would exceed responding party's ability to pay if necessary. Responding Party reserves the right to supplement this response when and if additional information is obtained

RESPONSE TO INTERROGATORY NO. 7:

Responding party don't recall any conversations about my ability to back a personal guarantee.

RESPONSE TO INTERROGATORY NO. 8:

See response to interrogatory number 6.

MICHAEL A. HERSHMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

RESPONSE TO INTERROGATORY NO. 9:

See response to interrogatory number 4

RESPONSE TO INTERROGATORY NO. 10:

All documents are in the possession of the trustee. Halliwell has the quickbooks file that will show that she had full access to the file, accessed it regularly and even wrote checks on her own.

RESPONSE TO INTERROGATORY NO. 11:

Objection. Overbroad, vague and ambiguous and calls for legal conclusion. Responding Party cannot respond to this interrogatory as written because responding party does not understand the question being posed within the interrogatory.

Date: October /0, 2020

Michael A. Hershman,
Pro Se Defendant

MICHAEL A. HERSHMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

## VERIFICATION

CASTLE REAL ESTATE INVESTMENTS V. MICHAEL HERSHMAN, et. al.

Case Number Case No. 9:20-AP-01033

UNITED STATES BANKRUPTCY COURT

I, MICHAEL A. HERSHMAN, declare as follows:

I am the Defendant in this matter and I have reviewed the foregoing RESPONDING PARTY'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE and certify that the same is true of my own knowledge, except those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Thousand Oaks, California, on October ___, 2020

_____
MICHAEL A. HERSHMAN

MICHAEL A. HERSHMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES