1 | Larry D. Webb Sbn 229344
  | Law Office Of Larry Webb
2 | 484 Mobil; Suite 43
  | Camarillo, Ca 93010
3 | Phone 805 987 1400
  | Email Webblaw@GMAIL.COM
4 | Attorney for Plaintiff

5 | UNITED STATES BANKRUPTCY COURT

6 | CENTRAL DISTRICT OF CALIFORNIA

7 | NORTHERN

8 | In re: Michael A. Hershman          | Chapter 7
9 |                                     | Case No:9:20-bk-10254-MB

10 |                  Debtor            | Adversary Case No:9:20-ap-01033-MB
   | In re: Linda J. Hershman
11 |                                     | PLAINTIFF'S NOTICE OF MOTION
12 |                  Joint Debtor       | AND MOTION FOR SUMMARY
   |                                     | JUDGMENT ON ADVERSARY
13 |                                     | COMPLAINT MEMORANDUM OF
14 | Castle Real Estate Investments, LLC | POINTS AND AUTHORITIES;
   |                                     | DECLARATION OF MICHELLE
15 | PLAINTIFF                           | HALLIWELL IN SUPPORT
16 | vs.
17 | Michael A. Hershman                 | STATUS CONFERENCE
   | Linda J. Hershman                   | Date:03-17-2021
18 | DEFENDANT[S]                        | Time: 2:30 PM
   |                                     | Dept:201
19 |
20 |                                     | HEARING
   |                                     | Date:03-17-2021
21 |                                     | Time: 2:30 PM
22 |                                     | Dept:201
   |                                     | 1415 State St
23 |                                     | Santa Barbara, CA 93101-2511

24 | TO THE HONORABLE MARTIN R. BARASH, JUDGE OF THE

25 | UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES

26 | TRUSTEE, AND TO ALL INTERESTED PARTIES

27 |

28 |

1  PLEASE TAKE NOTICE that on March 17, 2021 at 2:30 PM, or as soon
2  thereafter as the matter may be heard, in Courtroom 201 of the above entitled
3  United States Bankruptcy Court located 1415 State St Santa Barbara, CA 93101-
4  2511, Plaintiff Castle Real Estate Investments Inc, LLC (hereinafter the
5  "Plaintiffs"), shall and hereby do seek summary judgment as to the claims for
6  relief in Plaintiffs' Complaint.

7  This Motion is based upon this Notice of Motion, the accompanying
8  Memorandum of Points and Authorities, the Declaration of Michelle Halliwell, the
9  Request for Judicial Notice ["RJN"] with Exhibits 1-26 filed concurrently, the
10  Separate Statement of Uncontroverted Facts ["SSUF"] and conclusions of law filed
11  concurrently and, on the pleadings, and papers on file in the action, and upon such
12  other matters as may be presented to the Court at the time of the hearing.

13  PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy
14  Rule 7056-1(c)(1), any objection to this motion must be stated in writing, must
15  conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy
16  Rules for the Central District of California, and must be filed with the court and
17  served on counsel for Plaintiff at the address noted in the upper left-hand corner of
18  the first page of this notice, not less than **twenty-one (21) days** prior to the hearing
19  date.

20  Failure to file and serve an opposition timely may result in any such
21  opposition being waived, and the court may enter an Order granting the Motion
22  without further notice.

23
24  Date 1/29/2021                    _____
25                                    Larry Webb
                                      Attorney for: Plaintiff Castle Real Estate
26                                    Investments Inc, LLC
27
28                                    ii

# TABLE OF CONTENTS

TABLES OF AUTHORITIES ................................................................ iv

MEMORANDUM OF POINTS AND AUTHORITIES ..................................... 1

STATEMENT OF THE CASE ........................................................... 1

Jurisdiction ................................................................................ 1

PARTIES AND CASES ................................................................. 2

PROCEDURAL STATUS ............................................................... 3

STATEMENT OF FACTS .............................................................. 4

INSOLVENCY AND FRAUD CA CIV. CODE, § 3439.02(b)...................... 4

FRAUD and INSOLVENCY ANALYSIS ............................................ 6

DEBTS OBTAINED BY FRAUD  ARE NON-DISCHARGEABLE 11 USC
§523(a)(2)(A) ........................................................................... 8

  (1) THE DEBTOR MADE . . . REPRESENTATIONS. ......................... 9

  (2) THAT AT THE TIME DEBTOR KNEW THEY WERE FALSE. ........... 9

  (3) THAT DEBTOR MADE WITH THE INTENTION AND PURPOSE OF
  DECEIVING THE CREDITOR. ...................................................... 10

  (4) THAT THE CREDITOR RELIED ON SUCH REPRESENTATION;
  [AND] ................................................................................... 11

  (5) THAT THE CREDITOR SUSTAINED THE ALLEGED LOSS AND
  DAMAGES AS THE PROXIMATE RESULT OF THE
  MISREPRESENTATIONS HAVING BEEN MADE. ............................. 12

FALSE PRETENSES, FALSE REPRESENTATION AND ACTUAL FRAUD
NONDISCHARGABILITY USE OF A STATEMENT IN WRITING  11
U.S.C.§523(a)(2)(B)................................................................... 12

FOR FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY
CAPACITY, EMBEZZLEMENT, OR LARCENY (NONDISCHARGABILITY
OF DEBT PURSUANT TO 11U.S.C.§523(a)(4)................................... 13

WITHHOLDING PAYMENT CONSTITUTES A FELONIOUS TAKING. 11
U.S.C. Section 523(a)(4)............................................................. 14

WILLFUL AND MALICIOUS INJURY 11 U.S.C. Section 523(a)(6)............. 15

CONCLUSION .......................................................................... 15

# TABLES OF AUTHORITIES

**Cases**

*Advanta Nat'l Bank v. Kong (In re Kong)*, 239 B.R. 815, 826 (BAP 9th Cir. 1999)
.................................................................................................................... 11

*Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122
(9th Cir. 1997)..................................................................................... 10

*ATR–Kim Eng Financial Corp. v. Bonilla*, No. C 08–01062 WHA, 2008 WL
4414153, *5 (N.D.Cal. Sept. 25, 2008). ................................................. 13

*Bandalin v. Shohaei (In re Sohaei)* (Bankr. N.D. Cal. 2012) ..................... 11

*Citibank v. Eashai (In re Eashai)*, 87 F.3d at 1090 ................................. 10

*Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015 (9th Cir. 1997). ........... 10

*Dorroh v. Deerbrook Insurance Company* (E.D. Cal. 2016) 223 F.Supp.3d 1081,
1088, aff'd (9th Cir. 2018) 751 Fed.Appx. 980.......................................... 9

*Household Credit Servs. v. Ettell (In re Ettell)*, 188 F.3d 1141, 1145 (9th Cir.
1999); ................................................................................................... 10

*In re Eberts*, No. CV 11–08827–MWF, 2013 WL 1248637, *5 ..................... 14

*In re Ettell* (9th Cir. 1999) 188 F.3d 1141, 1145 ...................................... 6

*In re Grabau* (ND CA 1993) 151 BR 227, 234 ........................................ 11

*In re Houng* (C.D. Cal. 2013) 499 B.R. 751, 769–770................................ 14

*In re Kong* (B.A.P. 9th Cir. 1999) 239 B.R. 815, 820 ................................. 9

*In re Martin* (6th Cir. 1985) 761 F2d 1163, 1167] .................................. 11

*In re Vortex Fishing Systems, Inc.* (9th Cir. 2002) 277 F.3d 1057, 1072 .......... 5

*Local Loan Co. v. Hunt* (1934) 292 U.S. 234, 244 .................................... 16

*Locke v. Milner (In re Locke)*, 205 B.R. 592, 597 (BAP 9th Cir. 1996) ........... 11

*LSP Inv. Partnersip v. Bennett,* 989 F.2d 779, 784–85 (5th Cir.1993) ............ 14

**Statutes**

11 U.S.C §101(32)(b)................................................................................ 5

11 USC §523(a)(2)(A) ............................................................................. 8

Ca Civ. Code, § 3439.02(b) ..................................................................... 5

CA CIV. CODE, § 3439.02(b)................................................................... 4

MEMORANDUM OF POINTS AND AUTHORITIES
STATEMENT OF THE CASE

Jurisdiction

This action is brought pursuant to 11 U.S.C. § 523, and Rule 7001(6) of the Federal Rules of Bankruptcy Procedure ("FRBP"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper in the United States Bankruptcy Court for the Central District of California, Northern Division, under 28 U.S.C. § 1409(a) because the Debtor's above captioned Chapter 7 bankruptcy case is pending in this district. This is a case for a non-dischargeable determination pursuant to 11 USC §523(a)(2), (4) & (6) on the Defendants personal guarantee to pay plaintiff. Defendants admit to the guarantee, but incorrectly allege that the guarantee was terminated. Defendant also does not admit he was insolvent when he made the personal guarantee.

**PERSONAL GUARANTY**

For value received, I, Michael Tony Hershman for and in consideration of BESORAT INVESTMENTS INC., a California corporation ("BII") of which I am President hereby unconditionally and personally guarantee and agree to bind myself to pay on demand any sum that may become due to Castle Real Estate Investments LLC ("Company") by BII whenever BII shall fail to pay as follows:

1.  The difference between the disbursements Company receives from the sales of the 4743 Hillard Road, La Canada Flintridge, CA ("Hillard Property") and the 779 Briarcliff, Thousand Oaks, CA ("Briarcliff Property") and Company's total investments of $860,053.33 in the Hillard Property, the Briarcliff Property, and the 2285 W. 26th Street, Los Angeles, CA ("the "26th Street Property"); and

2.  The difference between the disbursements Company receives from the sales of the Hillard Property and the Briarcliff Property to fund returns to Company of five percent (5%) on Company's total investments of $860,053.33 in the Hillard Property, the Briarcliff Property, and the 26th Street Property, which total five percent (5%) return equals $43,032.66 owed to Company.

This guaranty shall be a continuing and irrevocable guaranty and action may be taken against me for any non-payment without notice thereof.

I further guarantee that in the event of my default of payment of said obligations above, I agree to pay Company's attorneys' fees and other expenses incurred by Company in enforcing this Guaranty.

Dated: _____                    By: _____
                                        Michael Tony Hershman

1

See RJN Exhibit 3 page 18.

## PARTIES AND CASES

1.      Defendant Michael A. Hershman and Linda J. Hershman [Defendants] are husband and wife who filed a joint bankruptcy petition. Defendants' principal residence is 3063 Los Robles Road Thousand Oaks, CA 91362. Defendants at all times mentioned herein regularly conducted business in the County of Ventura, California.

2.      Defendants Michael A. Hershman is the Debtor in the related Chapter 7 Case. Defendant Michael A. Hershman is also known as "Tony Hershman." Defendant Linda J. Hershman is the joint Debtor in the related Chapter 7 Case. On 2/20/2020 Defendant and Joint Defendant filed their joint bankruptcy case # 9:20-bk-10254-MB. Debtors were discharged on 05-06-2020.

3.      On 01-19-2021 the Chapter 7 trustee filed a Notice of Assets and notice of possible dividend.  Proofs of Claims due by 4/26/2021.

4.      Plaintiff, Castle Real Estate Investments, LLC ["COMPANY"] is a California Limited Liability Company in good standing. Michelle Halliwell is the CEO and single member of Castle Real Estate Investments, LLC. See RJN Exhibit 11 page 59.

5.      On 01-22-2021 Plaintiff Castle Real Estate Investments, LLC filed its proof of claim for $905,000.00 plus interest, penalties, and attorney fees. See RJN Exhibit 24 page 272.

6.      Related Bankruptcy case Besorat Investments Inc. case number 1:19-bk-10202-MB was filed on 01/28/2019 by Michael Anthony Hershman as president of Besorat Investments Inc.  [hereinafter "BESORAT"] See RJN Exhibit 5 page 26.

7.      Besorat Investments Inc. had two shareholders, Defendant Tony Hershman at 50% and Defendant Linda Hershman at 50%. See RJN Exhibit 25, Page 293, page from Besorat bankruptcy Petition and schedules, docket 1.

8.      On 09-24-2018 Tony Hershman on behalf of BESORAT executed an operating agreement with COMPANY. See RJN Exhibit 1 page 9.

9.      On 09-24-2018 Tony Hershman on behalf of BESORAT executed a management agreement with COMPANY. See RJN Exhibit 2 page 16.

10.     On 09-24-2018 Tony Hershman personally guaranteed payments to COMPANY. See RJN Exhibit 3 page 18.

## PROCEDURAL STATUS

11.     Plaintiff, Castle Real Estate Investments, LLC ["COMPANY"] filed its complaint on 05-14-2020. See RJN Exhibit 12, page 61 Plaintiffs complaint. The Defendants requested more time to answer the complaint. Plaintiff Stipulated to additional time and Defendants answered the complaint in Pro Se on 07-20-2020. See RJN Exhibit 13, page 74, Defendants answer.

12.     On 08/17/2020 Plaintiff served discovery pursuant to Rule 7033 interrogatories, see RJN Exhibit 14, page 89; and Rule 7034 Production of Documents RJN Exhibit 18 page 119. Defendants requested more time to respond, Plaintiff agreed and on 10-20-2020 Defendants responded to Interrogatories, See RJN Exhibit 15, page 98; and Defendant responded to production of documents, see RJN Exhibit 19, page 127.

13.     Defendants also filed their discovery responses with the Court at Docket 19, 20 and 21.

## STATEMENT OF FACTS

14.    Plaintiff's Statement of Uncontroverted Facts ["SSUF"] and Conclusions of law is filed concurrently with this Motion for Summary Judgement.

15.    Plaintiff's Request for Judicial Notice ["RJN"] with Exhibits 1 thru 26 is also filed concurrently with this Motion for Summary Judgement.

### INSOLVENCY AND FRAUD CA CIV. CODE, § 3439.02(b)

16.    This adversary complaint is brought for non-dischargeability of a personal Guarantee entered into by the Defendant when the defendant was insolvent and had no ability to pay.  As this is a case concerning a fraudulent contract formed under California Law, we look to California Law to determine if the defendant fraudulently entered the contract.

17.    The question before this Bankruptcy court is whether the contract was fraudulent under State Law therefore entitling plaintiff to a Bankruptcy determination the guarantee is non-dischargeable.

18.    Under California law, insolvency is one of the statutory badges of fraud. Civil Code section 3439.04, within the Uniform Fraudulent Transfer Act (§ 3439 et seq.) states in relevant part:

> "(a) A transfer made or **obligation incurred by a debt**or is
> fraudulent as to a creditor, whether the creditor's claim arose before
> or after the transfer was made or the obligation was incurred, if the
> debtor made the transfer or incurred the obligation as follows: [¶]
> (1) With actual intent to hinder, delay, or defraud any creditor of
> the debtor. [¶]. . . [¶] (b) In determining actual intent under
> paragraph (1) of subdivision (a), consideration may be given,
> among other factors, to any or all of the following: [¶] . . . [¶] (9)

4

> **Whether the debtor was insolvent or became insolvent shortly**
>
> **after the transfer was made or the obligation was incurred.**" Ca.
>
> Civ. Code, § 3439.04 (Emphasis added)

19.    Under California law a debtor that is generally not paying the debtor's debts as they become due other than because of a bona fide dispute is presumed to be insolvent. The burden is on the insolvent party to prove she was not insolvent.

> (b) A debtor that is generally not paying the debtor's debts as they
>
> become due other than as a result of a bona fide dispute is
>
> presumed to be insolvent. The presumption imposes on the party
>
> against which the presumption is directed the burden of proving
>
> that the nonexistence of insolvency is more probable than its
>
> existence. Ca Civ. Code, § 3439.02(b)[1]

20.    In the ninth circuit the rule for determining whether a debtor is not paying her debts is as follows:

> In determining whether a debtor is generally paying its debts as
>
> they become due, courts 'compare the number of debts unpaid each
>
> month to those paid, the amount of the delinquency, the materiality
>
> of the non-payment, and the nature of the [d]ebtor's conduct of its
>
> financial affairs. *In re Vortex Fishing Systems, Inc.* (9th Cir. 2002)
>
> 277 F.3d 1057, 1072

21.    There is an implied covenant of good faith and fair dealing in every contract. The debtor entered the contract insolvent, therefore unable to pay.  The

---

[1] (2) Subdivision (b) is derived from the definition of partnership insolvency in 11 U.S.C §101(32)(b) of the Bankruptcy Code. The definition conforms generally to the definition of the same term in Section 2(2) of the Uniform Fraudulent Conveyance Act. Legislative comments to Civ. Code, § 3439.02

debtor entered the contract while insolvent as defined by California statutes. It is a fraudulent act to enter a contract when there is no ability to perform (pay on the guarantee).

## FRAUD and INSOLVENCY ANALYSIS

22.    Because fraud lurks in the shadows, it must usually be brought to light by consideration of circumstantial evidence. *In re Ettell* (9th Cir. 1999) 188 F.3d 1141, 1145. The Debtors Bankruptcy schedules verified under penalty of perjury provides the evidence which we can analyze Debtors financial condition when he agreed to the guarantee on 09-14-2018.

23.    Debtors scheduled Statement of financial affairs reports 2018 income at minus $282,473.00.  See RJN Exhibit 22, page 226 paragraph 4.  Also see RJN Exhibit 19, page 134, Defendants Federal tax return summary for 2018 showing negative taxable income of minus $306,473.00.  The summary shows zero income.

24.    Debtors' petition and schedules are attached as RJN Exhibit 22 beginning at page 164.  Debtors' summary of assets, RJN Exhibit 22, page 172 show total assets of $420,123.18 and Total Liabilities of $42,330,635.91.

25.    Schedule 106E/F unsecured liabilities show that during calendar year 2018 Defendants acquired approximately $10,588.220.00 in unsecured debt.

26.    Debtors Schedule E/F does not consistently record when unsecured debt was incurred.  The table below is compiled using only debt Debtors indicated that was acquired in 2018.  See accompanying Statement of Uncontroverted Facts numbers SSUF 41 to and including SSUF 56.  Debtors underreported their unsecured income.  The amount owed to Plaintiff was listed as $200,000.00. Plaintiff's allowed proof of claim in the Besorat case is $905,053.30.  Debtor did list 100 unsecured creditors with a total unsecured debt of $42,330,653.91.

| 106 E/F | Amount | Date | Creditor |
|---|---|---|---|
| Debt incurred by Hershman during 2018 | | | |
| 4.50 | $50,000.00 | 3/1/2018 | Chester Joseph Smigielski |
| 4.92 | $30,000.00 | 3/4/2018 | The Kuther Living Trust |
| 4.93 | $85,000.00 | 3/4/2018 | Todd Vigneux Trustee of the |
| 4.64 | $105,000.00 | 3/4/2018 | Grant S. Pederson, Trustee of the |
| 4.29 | $80,000.00 | 4/9/2018 | Arturo Gonzalez |
| 4.79 | $8,180,500.00 | 4/19/2018 | Paulette Callahan |
| 4.49 | $60,000.00 | 5/22/2018 | Charles McDonald |
| 4.100 | $30,000.00 | 8/21/2018 | Zahra Azizi |
| 4.70 | $50,000.00 | 8/21/2018 | Joshua Marder |
| 4.71 | $50,000.00 | 8/21/2018 | Kevin Kanegai |
| 4.91 | $50,000.00 | 8/21/2018 | tam Le |
| 4.74 | $100,000.00 | 8/21/2018 | Lisa Marie Conley-Lambert |
| 4.61 | $650,000.00 | 8/21/2018 | Francis Capitaland Gavilan Capital |
| 4.60 | $867,720.00 | 8/27/2018 | Francis Capital and Gavilan Capital |
| 4.33 | $200,000.00 | 9/24/2018 | Castle Real Estate Investments, LLC |
| Total | $10,588,220.00 | | |

27.    Debtors reported negative income of minus $282,473.00 for 2018. See accompanying Statement of Uncontroverted Facts numbers 36, 37 and 57.

28.    The Debtors, through Besorat, were in the business of buying real property, single family dwellings, remodeling them, and selling the properties. See RJN Exhibit 8, page 39; paragraph 3 of the declaration of Tony Hershman filed in 1:19-bk-10202-MB Doc 47. The United States Trustee opposition to Debtors motion to sell property in the Besorat case describes Besorat's business model as:

> According to the debtor's status report, on February 15, 2017,
> Besorat Investments, Inc. ("Debtor") began operating in California.
> [Docket No. 47]. Its sole shareholders are Tony Hershman and his

wife Linda. *Id.* The Debtor was in the business of buying real property, single family dwellings, remodeling them, and selling the properties. *Id.* In order to obtain the necessary funds to remodel or rehab the properties, the Debtor obtained loans in the millions of dollars from investors who in return were given junior deeds of trust against the properties. *Id.* Unbeknownst to the investors, allegedly not all of deeds of trust were properly granted and/or recorded as promised by the Debtor.

See RJN Exhibit 9, page 46; 19-bk-10202-MB Doc 221 UST's discription of the Besorat bankruptcy case.

29.    Debtors have demonstrated a casual relationship with their fiduciary duties to honor obligations.  Signing the personal guarantee was just another contrivance to acquire or hold onto cash to support their pyramid of unrelated obligations.  There was an unbridgeable chasm between the debtors' undertakings and their ability to perform.

DEBTS OBTAINED BY FRAUD

ARE NON-DISCHARGEABLE 11 USC §523(a)(2)(A)

30.    A debt or extension or renewal of credit is nondischargeable to the extent obtained by false pretenses, a false representation, or actual fraud. These damages are non-dischargeable under 11 USC §523(a)(2)(A)

To establish nondischargeability under § 523(a)(2)(A), the plaintiff has the burden of establishing the following five elements:

(1) the debtor made ... representations; (2) that at the time he knew they were false; (3) that he made with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such

representation; and (5) that the creditor sustained the alleged loss and damages as the proximate result of the misrepresentations having been made. *In re Kong* (B.A.P. 9th Cir. 1999) 239 B.R. 815, 820.

### (1) THE DEBTOR MADE . . . REPRESENTATIONS.

31.    Under California law, Plaintiff was justified to rely on the implied covenant of good faith and fair dealing and assumed payment would be made for work performed and invoiced.

Under California law, all contracts contain an implied covenant of good faith and fair dealing. (citations omitted) The implied covenant generally requires contracting parties to refrain from acting so as to injure the right of the other to receive the benefits of the agreement. *Dorroh v. Deerbrook Insurance Company* (E.D. Cal. 2016) 223 F.Supp.3d 1081, 1088, aff'd (9th Cir. 2018) 751 Fed.Appx. 980

### (2) THAT AT THE TIME DEBTOR KNEW THEY WERE FALSE.

32.    At the time Defendant signed the personal guarantee he knew he was insolvent.  Defendant filed the Besorat Bankruptcy four months after signing the personal guarantee.  The Besorat bankruptcy was necessary to restore liquidity. Debtors Personal bankruptcy scheduled secured Debt from Besorat bankruptcy as unsecured debt in the personal bankruptcy.

33.    The defendant stated in his response to interrogatories that at the time he entered into the personal guarantee his worst-case liquidation scenario was a deficit of less than $100,000.00.  Less than $100,000.00 to cover a $905,053.30 guarantee is the definition of insolvency.  See Defendants response to Interrogatory

no. 6, RJN Exhibit 15, page 101.  Following actual liquidation by the Besorat Chapter 7 trustee, Plaintiff received $15,888.44.  See RJN Exhibit 21, page 160, Trustee's allowed claims and payout in the Besorat case.

34.    Defendant claims to have conducted a worst-case liquidation analysis that he had a personal rental portfolio exceeding $1,500,000.00.  However, his bankruptcy schedules report negative income of $282,473.00 for 2018; and the accumulation of a minimum of $10,588,220.00 in unsecured personal debt.  If the defendant could not recognize his insolvency, he clearly demonstrates a reckless disregard for the truth.  Either way the scienter requirement is satisfied.

### (3) THAT DEBTOR MADE WITH THE INTENTION AND PURPOSE OF DECEIVING THE CREDITOR.

35.    Intention and purpose to deceive [Scienter] is a question of fact.  The following analysis is from a published (West Law) Northern California Bankruptcy Court Memorandum Decision Re Certain Elements of Nondischargability under Section 523(a)(2)(A)

> Intent to defraud is a question of fact. *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015 (9th Cir. 1997). To find the existence of intent to defraud or implied bad faith, the court looks at a totality of the circumstances. *Anastas v. Am. Savs. Bank (In re Anastas)*, 94 F.3d 1280, 1286 n3 (9th Cir. 1996); *Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122 (9th Cir. 1997). When looking at the existence of fraudulent intent, the court considers circumstantial evidence. *Household Credit Servs. v. Ettell (In re Ettell)*, 188 F.3d 1141, 1145 (9th Cir. 1999); see *Citibank v. Eashai (In re Eashai)*, 87 F.3d at 1090 ("Since a debtor will rarely admit to his fraudulent intentions, the creditor must . . . establish

the subjective intent of the debtor through circumstantial evidence."). In addition, a strong economic incentive to deceive can be a consideration when finding intention to defraud. See *Locke v. Milner (In re Locke)*, 205 B.R. 592, 597 (BAP 9th Cir. 1996)(holding that the debtor had intent to deceive because his financial circumstances showed a "strong economic incentive to deceive"). Lastly, reckless disregard for the truth of a representation satisfies the element that the debtor made an intentionally false representation. See *Anastas v. Am. Savs. Bank (In re Anastas)*, 94 F.3d at 1286; *Advanta Nat'l Bank v. Kong (In re Kong)*, 239 B.R. 815, 826 (BAP 9th Cir. 1999)(holding that while making a materially false statement, "reckless indifference to the actual facts, without examining the available source of knowledge which lay at hand," is sufficient for fraudulent misrepresentation).

*Bandalin v. Shohaei (In re Sohaei)* (Bankr. N.D. Cal. 2012)

36.    Tony Hershman entered into the personal guarantee as a desperate compromise to hold on to the contract.  See RJN Exhibit 15, page 100, Defendants answer to Interrogatory #2 "As a compromise the personal guarantee was decided as the best vehicle to allow Besorat to continue  to sell off the properties for everyone's benefit."

37.    Actual knowledge of the falsity of a statement, or reckless disregard for its truth, satisfies the scienter requirement for nondischargability of a debt." *In re Grabau* (ND CA 1993) 151 BR 227, 234 (internal quotes omitted); *In re Martin* (6th Cir. 1985) 761 F2d 1163, 1167]

(4) THAT THE CREDITOR RELIED ON SUCH REPRESENTATION; [AND]

38.    Plaintiff relied upon the Defendant's personal guarantee. "I relied

1  upon representations made by Tony Hershman that he had the ability to personally

2  guarantee Besorat's performance in the Operating agreement and Management

3  agreement." Declaration of Michelle Halliwell filed concurrently with this motion.

### (5) THAT THE CREDITOR SUSTAINED THE ALLEGED LOSS AND DAMAGES AS THE PROXIMATE RESULT OF THE MISREPRESENTATIONS HAVING BEEN MADE.

39.    The plaintiff has not been paid by defendant.  "Tony Hershman has made no

payment on his personal guarantee. Pursuant to the Castle Real Estate Investments

Proof of Claim filed and allowed in the amount of $905,053.30 in Bankruptcy case

19-bk-10202-MB; Castle received $15,888.44." Declaration of Michelle Halliwell

filed concurrently with this motion.

### FALSE PRETENSES, FALSE REPRESENTATION AND ACTUAL FRAUD NONDISCHARGABILITY USE OF A STATEMENT IN WRITING 11 U.S.C.§523(a)(2)(B)

40.    The elements of Section 523(a)(2)(B) are the same as Section

523(a)(2)(A) with the additional requirement that the alleged fraud stem from a

false statement in writing concerning the debtor's or an insider's financial

condition.

41.    Defendants 9/24/2018 personal guarantee is a writing.  See Exhibit 3,

page 18.  See SSUF numbers 10, 11, 12, 17, 26,

42.    Defendants 9/24/2018 personal guarantee implies the defendant had

the ability to pay.  See SSUF numbers 30,

12

FOR FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY
CAPACITY, EMBEZZLEMENT, OR LARCENY (NONDISCHARGABILITY
OF DEBT PURSUANT TO 11U.S.C.§523(a)(4)

43.    Defendant did not have the ability to pay the personal guarantee on
09/24/2018 when he agreed to making a personal guarantee. As shown above
defendant was insolvent.

44.    A creditor must establish three elements to render a claim
nondischargeable under section 523(a)(4): (1) express (or technical) trust; (2) that
the debt was caused by fraud or defalcation; and (3) that the debtor was a fiduciary
to the creditor at the time the debt was created.

45.    Pursuant to the 9/24/2018 Management agreement, Manager had
exclusive management power.  RJN Exhibit 2, Page 11; paragraph 1.  Defendant
was given exclusive power to manage Plaintiffs' investment.

46.    Under California Law a technical trust does not arise out of contract.
However, in applying §423(a)(4) the requirement for an 'express' or
'technical' trust is not absolute or formulaic."

As other courts have recognized in the context of applying §
523(a)(4), "the requirement of an 'express' or 'technical' trust is not
absolute or formulaic." *ATR–Kim Eng Financial Corp. v.
Bonilla,* No. C 08–01062 WHA, 2008 WL 4414153, *5 (N.D.Cal.
Sept. 25, 2008). "Most courts today ... recognize that the 'technical'
or 'express' trust requirement" of § 523(a)(4) "is not limited to
trusts that arise by virtue of a formal trust agreement, but includes
relationships in which trust-type obligations are imposed pursuant
to statute or common law. Thus, the trust obligations necessary

13

under section 523(a)(4) can arise pursuant to a statute, common law or a *770 formal trust agreement." *Id.* (quoting *LSP Inv. Partnersip v. Bennett,* 989 F.2d 779, 784–85 (5th Cir.1993)).

The *Moeller* court's conclusion that "there is no California statute that creates a fiduciary relationship between a corporate officer or director and its creditors" does not demonstrate the absence of a fiduciary relationship between *Houng* and *Tatung* for purposes of § 523(a)(4); this is because "the 'express or technical trust' required for section 523(a)(4) liability can arise from a state's common law[.]" *In re Eberts,* No. CV 11–08827–MWF, 2013 WL 1248637, *5 (C.D.Cal. Mar. 27, 2013) (citing *In re Abrams,* 229 B.R. at 790 n. 6). see also *In re Lewis,* 97 F.3d at 1185–86.

*In re Houng* (C.D. Cal. 2013) 499 B.R. 751, 769–770, <u>aff'd</u> (9th Cir. 2016) 636 Fed.Appx. 396

47.      Pursuant to the 9/24/2018 Management agreement Manager shall have exclusive authority, discretion , power, and control to manage the property, business and affairs of the Company, and to make all decisions and perform all services incident to the management thereof, except as otherwise provided in this Amendment or the California Revised Uniform Limited-Liability Company Act (the "Act"). RJN Exhibit 1 , Page 11.  This exclusive management of the Plaintiff's money is a fiduciary relationship.  The Defendant fraudulently contracted with the Plaintiff, who relied upon the fraudulent personal guarantee to enter into contract with the defendant's company.

WITHHOLDING PAYMENT CONSTITUTES A FELONIOUS TAKING. 11 U.S.C. Section 523(a)(4)

48.      Tony Hershman's failure to make payment was intentional and

constitutes a felonious taking of Plaintiff's property; done to deprive Plaintiff of his property.

49.    11 U.S.C. Section 523(a)(4) Larceny Debts for larceny are nondischargeable. Larceny is the felonious taking of another's personal property with the intent to convert it or deprive the owner of same.

50.    The totality of the circumstances described herein clearly show Defendant acted with fraudulent intent. Defendant's conduct constitutes Larceny within the federal meaning of the term; accordingly, under 11 USC §523(a)(4) the debt cannot be discharged.

WILLFUL AND MALICIOUS INJURY 11 U.S.C. Section 523(a)(6)

51.    11 U.S.C. §523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." As set forth above the Debtor had the requisite intent to defraud the Plaintiff when she entered into the 2011 contract.

52.    Willfulness means deliberate or intentional; an injury inflicted intentionally and deliberately, and either with the intent to cause the harm complained of, or in circumstances in which the harm was certain or almost certain to result from the debtor's act, constitutes willful and malicious conduct under section 523(a)(6). Debtors' conduct constitutes willful and malicious injury accordingly under 11 USC §523(a)(6) this debt should not be discharged.

CONCLUSION

53.    The determining issues are, was the defendant insolvent when he entered the personal guarantee and was making the personal guarantee then fraudulent.  As noted above, fraud lurks in the shadows, it must usually be brought to light by consideration of circumstantial evidence.  Circumstantial evidence is a

bundle of fragile sticks that when taken together support the evidence weight necessary to find fraud in the undertaking, leading to non-dischargeability in bankruptcy. Defendant's reckless disregard for his investors is evidenced by the totality of his actions. Debtors bankruptcy schedules are evidence that he simply did not have the ability pay his commitment to the plaintiff and others. His personal guarantee, given as a fraudulent inducement for Plaintiff to continue in business with him. Bankruptcy gives to the honest but unfortunate debtor . . . a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. *Local Loan Co. v. Hunt* (1934) 292 U.S. 234, 244 Bankruptcy does not provide safe passage to the indifferent fraudster.

WHEREFORE

1. Debtor's debt to plaintiff should be non-dischargeable pursuant to 11 USC §523(a)(2)(A) for fraud.

2. Debtor's debt to plaintiff should be non-dischargeable pursuant to 11 U.S.C. Section 523(a)(4) felonious taking.

3. Debtor's debt to plaintiff should be non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6).

4. Other Relief as the Court may determine appropriate.

Date 1/29/2021

Larry Webb, Attorney for
Castle Real Estate Investments LLC

16

Larry D. Webb Sbn 229344
Law Office Of Larry Webb
484 Mobil; Suite 43
Camarillo, Ca 93010
Phone 805 987 1400
Email Webblaw@GMAIL.COM
Attorney for Plaintiff

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re: Michael A. Hershman | Chapter 7<br>Case No:9:20-bk-10254-MB |
| Debtor<br>In re: Linda J. Hershman | Adversary Case No:9:20-ap-01033-MB |
| Joint Debtor | DECLARATION OF MICHELLE HALLIWELL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| Castle Real Estate Investments, LLC | |
| PLAINTIFF<br>vs. | STATUS CONFERENCE<br>Date:03-17-2021<br>Time: 2:30 PM<br>Dept:201 |
| Michael A. Hershman<br>Linda J. Hershman<br>DEFENDANT[S] | HEARING<br>Date:03-17-2021<br>Time: 2:30 PM<br>Dept:201<br>1415 State St<br>Santa Barbara, CA 93101-2511 |

TO THE HONORABLE MARTIN R. BARASH, JUDGE OF THE
UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES
TRUSTEE AND ALL INTERESTED PARTIES;

DECLARATION IN SUPPORT

I, Michelle Halliwell make this declaration:

I am the sole member and manager of Castle Real Estate Investments LLC, the Plaintiff in the above captioned case.

1.      Castle Real Estate Investments LLC, Plaintiff's total investment in the 26th Street Property, Hillard Property, and Briarcliff Property was $860,653.33.

2.      Attached to the Request For judicial Notice filed concurrently herewith is Exhibit 1, Amendment of Operating Agreement, a true and correct copy of the document it purports to be.

3.      Attached to the Request For judicial Notice filed concurrently herewith is Exhibit 2, Amendment of Manager Agreement, a true and correct copy of the document it purports to be.

4.      Attached to the Request For judicial Notice filed concurrently herewith is Exhibit 3, Personal Guaranty, a true and correct copy of the document it purports to be.

5.      I relied upon representations made by Tony Hershman that he had the knowledge and experience to perform under the operating agreement and management agreement.

6.      I relied upon representations made by Tony Hershman that he had the ability to personally guarantee Besorat's performance in the Operating agreement and Management agreement.

7.      Tony Hershman has made no payment on his personal guarantee.

8.      Pursuant to the Castle Real Estate Investments Proof of Claim filed and allowed in the amount of $905,053.30 in Bankruptcy case 19-bk-10202-MB;

1  Castle received $15,888.44.

2  9.      Attached to the Request For judicial Notice filed concurrently herewith is

3  Exhibit 4, Email from Defendant Tony Hershman stating his Resignation and that

4  deficiencies would be paid personally,  a true and correct copy of the document it

5  purports to be.

6           I declare under penalty of perjury under the laws of the United States of

7  America that the foregoing is true and correct.

8  Date  1-26-21

9

10

11  _____

          Michelle Halliwell

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Law Offices of Larry Webb, 484 Mobil ste 43, Camarillo Ca 93010

A true and correct copy of the foregoing document entitled (specify PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON ADVERSARY COMPLAINT MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHELLE HALLIWELL IN SUPPORT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 1/29/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 1/29/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 1-29-2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed. **BY PRIORITY UNITED STATES MAIL   Tracking number 9405511899560497068286**

Linda J. Hershman
3063 Los Robles Road
Thousand Oaks, CA 91362

~~Honorable Martin R. Barash~~
~~Suite 342 / Courtroom 303~~
~~21041 Burbank Blvd~~
~~Woodland Hills, CA 91367-6606~~
**Not Mailed pursuant to Judge's instructions re Covid-19**

Michael A. Hershman
3063 Los Robles Road
Thousand Oaks, CA 91362

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/29/2021 | Larry Webb | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**